NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12006

EVELYN J. ERESIAN  vs.  MERRILL LYNCH
CREDIT CORPORATION[1] & others.[2,3]


September 12, 2016.


Supreme Judicial Court, Superintendence of inferior courts.


In the early 1990s, the petitioner, Evelyn J. Eresian, was
the defendant in a summary process action in the Housing Court.
The Appeals Court affirmed a judgment against Eresian in that
action in 1993, and this court subsequently denied Eresian's
application for further appellate review.  See Merrill Lynch
Equity Mgt., Inc. v. Eresian, 34 Mass. App. Ct. 1125, S.C.,
416 Mass. 1104 (1993).  In the years since, Eresian has sought
repeatedly, and unsuccessfully, to challenge the foreclosure
that led to the summary process action.  This case represents
the latest iteration of those efforts.  In 2015, Eresian filed a
motion in the Appeals Court seeking to vacate that court's 1993
decision.  The Appeals Court's response, as noted on its docket,
was that "[t]he case is closed as the rescript has issued to the
trial court.  No action will be taken by the court on this or
any future filing in this matter."[4]

_____

[1] Formerly Merrill Lynch Equity Management, Inc.

[2] John Paul Scheffer and Martha M. Scheffer.

[3] The petitioner also named as a respondent the Appeals
Court.  The court is a nominal party only.  See S.J.C. Rule
2:22, 422 Mass. 1302 (1996).

[4] A copy of the motion is not in the record before us.
Eresian represents that she argued in the motion that the
Appeals Court lacked subject matter jurisdiction to decide the

Eresian subsequently filed a petition pursuant to G. L. c. 211, § 3, in the county court in which she asked the single justice to require the Appeals Court to review the jurisdictional issue. A single justice denied the petition, and Eresian timely filed a notice of appeal. Her appeal was entered in the full court on November 27, 2015. On January 22, 2016, Eresian asked for and received leave to extend the time for filing her brief to February 29, 2016. After Eresian failed to file her brief on or before that date, the defendants filed a motion to dismiss the appeal. Eresian, in turn, filed several documents in response to the motion to dismiss, including an opposition and a supplemental opposition. She has not yet, however, filed a brief, and we could dismiss her appeal on this basis alone -- that she has failed to prosecute the appeal.

She would fare no better even if we were to reach the merits. This case was not a proper use of G. L. c. 211, § 3. Eresian has already obtained appellate review of the summary process judgment, and she has not demonstrated that the remedy of ordinary appellate review was inadequate. There is no reason why she could not have raised her current jurisdictional claim in the Appeals Court when her appeal from the Housing Court judgment was pending there. "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001 (2005). In any event, we have carefully reviewed the entire record before us and agree with the single justice that there is no merit at all to Eresian's jurisdictional claim.[5]

Judgment affirmed.

The case was submitted on briefs.

_____

appeal. If Eresian did raise a subject matter jurisdiction issue in the motion, it is questionable whether the Appeals Court could decline to consider it on the basis that the rescript had issued and the case was "closed."

[5] Eresian has recently filed a "Verified Motion and Memorandum of Petitioner/Appellant Evelyn J. Eresian for Leave to File Motion with the Single Justice to Vacate Judgment." On the basis of our judgment here, no action on that motion is necessary.

<u>Evelyn J. Eresian</u>, pro se.

<u>Meredith Swisher & Robert Stetson</u> for John Paul Scheffer & another.